PER CURIAM.
We granted certiorari in this case to review the Court of Criminal Appeals’ decision affirming the trial court’s denial of Richard Stephen Butts’s petition for the writ of habeas corpus. Rehearing denied, Ala.Cr.App., 447 So.2d 869. Butts filed his petition to prevent his extradition to the State of Florida.
By utilizing Rule 39(k), ARAP, Butts shows the facts (which the record discloses to be accurate) to be:
On 13 July 1983, petitioner, Richard Stephen Butts, filed a petition for the writ of habeas corpus, averring he had not fled from justice in the State of Florida, he had not committed an offense in the State of Florida, he was not present at the time and place where a crime was alleged to have occurred in the State of Florida, and he was not the individual sought in the State of Florida.
On 15 July 1983, at the hearing on Richard Stephen Butts’s petition for the writ of habeas corpus, the State offered State’s exhibit number one, purporting to contain the documents required by § 15-21-17, Code of Alabama 1975, to be filed as a return and answer to the petition for the writ of habeas corpus, with supporting papers. Over detailed objection that there was no showing that any of the documents or supporting papers applied to Richard Stephen Butts, and that the supporting papers were not certified as required by the Acts of Congress, State’s exhibit number one was admitted into evidence.
The State presented no testimony or evidence to identify the petitioner, Richard Stephen Butts, as the individual named Steve Butts sought by the State of Florida. After introduction of said exhibit the State rested and Richard Stephen Butts’s petition for writ of habeas corpus was denied.
Petitioner states the issues as:
“I. Whether the introduction of unauthenticated supporting papers is reversible error?
*401 “II. Whether the State’s failure to present any evidence of identity is reversible error?”
The record shows the following with respect to the Florida circuit clerk’s purported authentication of the records:
“STATE OF FLORIDA
“COUNTY OF HILLSBOROUGH
“I, JAMES F. TAYLOR, JR., Clerk of the Circuit Court of the County of Hills-borough, State of Florida, having by law the custody of the seal and all the records, books, documents and papers of or appertaining to the Circuit Court, do hereby certify that the above and foregoing
copy of information case # 83-3757 State of Fla vs Steve Butts copy of criminal report affidavit State of Fla vs Steve Butts
copy of capias # 83-3757 State of Fla vs Steve Butts
“IN WITNESS WHEREOF, I have hereunto set my hand and the seal of said Circuit Court, this the 16th day of May A.D., 1983.
James F. Taylor, Jr.
Clerk of the Circuit Court of
Hillsborough County, Florida”
Note there is no statement that the referenced documents are true and complete copies of those documents in his custody. Therefore, the certificate of the clerk does not comply with the provisions of Code 1975, § 12-21-67. This being true, denial of Butts’s petition for the writ of habeas corpus was error and the judgment of the Court of Criminal Appeals is due to be, and it is hereby, reversed. It is therefore unnecessary to address issue number two.
Accordingly, this cause is remanded to the Court of Criminal Appeals for action by it consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.